UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-23399-BLOOM

LOUIS GOLDENBERG,

    Petitioner,

v.

WARDEN HEUETT,

    Respondent.

_____/

## ORDER DENYING 28 U.S.C. § 2241 PETITION

**THIS CAUSE** is before the Court upon Petitioner Louis Goldenberg's ("Petitioner") *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, ECF No. [1] (the "Petition"), filed on July 20, 2025. Petitioner, a federal prisoner, asserts that the United States Bureau of Prisons ("BOP") has improperly determined the date that he became eligible to earn First Step Act ("FSA") Earned Time Credits ("ETCs"). *See* ECF No. [1-1] at 1-8. Respondent filed a Response, arguing that the Petition should be denied on the merits and for failure to exhaust administrative remedies. *See* ECF No. [6]. Petitioner filed a Reply, arguing that his failure to exhaust administrative remedies should excused because exhaustion would be futile. ECF No. [7]. The Court has reviewed the Petition, the Respondent's Response, the Petitioner's Reply, the record, and the applicable law and is otherwise fully advised. For the following reasons, the Petition is **DENIED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

I.    BACKGROUND

    On January 27, 2025, Petitioner was sentenced to 120 months of imprisonment in the United States District Court District of New Jersey. ECF No. [6-3] at 1. The district court

recommended that Petitioner be designated to FCI Miami. *Id*. at 2. On January 27, 2025, Petitioner was committed to the custody of the BOP. *Id*.

Petitioner arrived at FCI Miami on April 10, 2025, ECF No. [6-4] at 2. At issue here is the ten (10) week period between the date that Petitioner was committed to the custody of the BOP and the date that Petitioner arrived at his designated facility. Petitioner contends that he was eligible to begin earning FSA time credits on January 27, 2025, the date he was sentenced and remanded to BOP custody. ECF No. [1-1] at 9. Respondent contends that Petitioner was eligible to begin earning FSA time credits ten (10) weeks later, the date that he arrived at FCI Miami. ECF No. [6] at 6-10.

Respondent argues the Petition should be denied for three reasons: (1) Petitioner failed to exhaust administrative remedies; (2) Petitioner was not eligible to earn FSA ETCs because he was in transit to his designated institution; and (3) Petitioner did not engage in any FSA programming or complete any needs/risks evaluations pursuant to the FSA. ECF No. [6] at 2-3.,

Petitioner concedes that he has not exhausted administrative remedies but argues that exhaustion would be futile. ECF No. [1-1] at 4. Petitioner argues that exhaustion is unnecessary when the issue presented is one that consists purely of statuary interpretation. *Id*. Petitioner submitted a copy of his BP8, which states that Petitioner's administrative request is denied pursuant to BOP Policy. *Id*. at 10.

II.   **LEGAL STANDARD**

Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Under the saving clause of 28 U.S.C. § 2255(e), a federal prisoner may bring a habeas petition under § 2241 if "the remedy by [§ 2255] motion is inadequate or ineffective

to test the legality of his detention." § 2255(e). Therefore, "an action brought pursuant to 28 U.S.C. § 2241 is the proper vehicle to challenge the execution of a sentence, rather than the validity of the sentence itself." *United States v. Kinsey*, 393 F. App'x 663, 664 (11th Cir. 2010) (citing *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008)). "It is the petitioner's burden to establish his right to habeas relief[,] and he must prove all facts necessary to show a constitutional violation." *Blankenship v. Hall*, 542 F.3d 1253, 1270 (11th Cir. 2008) (citation omitted).

Federal prisoners are required to exhaust administrative remedies before filing a § 2241 petition. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). Although the exhaustion requirement is not jurisdictional, courts may not "disregard a failure to exhaust . . . if the respondent properly asserts the defense." *Id*. "And because exhaustion is non-jurisdictional, even when the defense has been preserved and asserted by the respondent throughout the proceeding, a court may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question." *Id*.

**III.   DISCUSSION**

In the Petition, Petitioner concedes that all administrative steps have not been exhausted but argues that exhaustion is futile because the issue presented is one that consists purely of statutory construction. ECF No. [1-1] at 4 (quoting *Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012)). Respondent counters that "[v]arious district courts have concluded that there is no 'futility' exception to the exhaustion requirement for claims seeking ETCs under the FSA." ECF No. [6] at 6 (citing *Carrera v. United States*, No. 25-CV-60045-RAR, 2025 WL 1233979 (S.D. Fla. Apr. 29, 2025), *reconsideration denied*, No. 25-CV-60045-RAR, 2025 WL 1650340 (S.D. Fla. June 11, 2025)).

When deciding whether a petitioner has failed to exhaust his administrative remedies, district courts follow the two-step process set forth in *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). *See Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 854, 856 (11th Cir. 2020) (extending *Turner* to cases under § 2241). First, the court looks at the petitioner's and the respondent's factual allegations and, if they conflict, accepts as true the petitioner's version of the facts. *Id*. If the petitioner's allegations establish his failure to exhaust administrative remedies, the court must deny the petition at *Turner's* first step. *Id*. If the petitioner's factual allegations do not support dismissal at the first step, the court proceeds to the second step. *Id*. At *Turner's* second step, the court must "make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*. The respondent bears the burden of establishing that the petitioner failed to exhaust his administrative remedies. *Id*.

To exhaust his administrative remedies in this case, Petitioner was required to comply with the BOP's "Administrative Remedy Program," which allows an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a); *see also Blevins*, 819 F. App'x at 857 ("Because Blevins is a federal prisoner, the BOP's Administrative Remedy Program procedural rules apply to her."). This entails a four-step process. *See Krist v. Eichenlaub*, 386 F. App'x 920, 923 (11th Cir. 2010) (citing 28 C.F.R. § 542.10-.19) (explaining the BOP's exhaustion process). First, the inmate must attempt to resolve the issue informally with institution staff. *Id*. (citing § 542.13). Second, if the issue cannot be resolved informally, the inmate must submit a formal written Administrative Remedy Request using a BP-9 form to the designated staff member. *Id*. (citing § 542.14(a), (c)(4)). Third, if the inmate is not satisfied with the response to his BP-9 form, he may appeal to the BOP Regional Director using a BP-10 form. *Id*. (citing § 542.15(a)). And fourth, if the inmate is not satisfied with the Regional Director's response, he

may appeal to the BOP General Counsel using a BP-11 form designed for Central Office Appeals. *Id*. (citing § 542.15(a)). The Warden or other official must respond to a BP-9 within twenty days; the Regional Director must respond to a BP-10 within thirty days; and the General Counsel must respond to a BP-11 within forty days. 28 C.F.R. § 542.18. If the inmate does not receive a response within these times, he "may consider the absence of a response to be a denial at that level." *Id*.

Here, the parties' allegations regarding exhaustion do not conflict, so this Court must resolve the exhaustion issue at *Turner's* first step. 541 F.3d at 1082. Petitioner concedes that he failed to exhaust his administrative remedies. *See* ECF No. [1-1] at 4. On June 24, 2025, Petitioner filed an informal complaint with his unit team. ECF No. [6-5] at 2. On July 8, 2025, Petitioner filed an administrative remedy with the Warden's office. *Id.* at 9. On July 31, 2025, the Warden denied Petitioner's request for administrative remedy, informing Petitioner that "[i]f you are dissatisfied with this response, you may appeal to the Regional Director[.]" *Id*. at 10. Petitioner did not appeal to the Regional Director. Accordingly, the Petition is due to be denied without prejudice for failure to exhaust administrative remedies. *See Davis v. Warden, FCC Coleman-USP I*, 661 F. App'x 561, 562-63 (11th Cir. 2016) ("the district court did not err by dismissing Davis's § 2241 petition without prejudice based on its determination that he failed to exhaust his administrative remedies. . . . However, because the failure to exhaust administrative remedies is no longer a jurisdictional prerequisite to suit, we construe the district court's dismissal as a denial").

Petitioner's futility argument is unpersuasive. In the Eleventh Circuit, "there are grounds for doubt that a futility exception is available on a § 2241 petition[.]" *Tankersley v. Fisher*, No. 08-CV-382-MCR/EMT, 2008 WL 4371797, at *3 (N.D. Fla. Sept. 22, 2008). The Eleventh Circuit has recognized that there is no futility exception applicable to the exhaustion requirement in a

§ 2241 proceeding. *McGee v. Warden, FDC Miami*, 487 F. App'x 516, 518 (11th Cir. 2012) (rejecting argument that futility exception applicable to exhaustion prior to bringing a § 2254 petition is applicable to exhaustion requirement for a § 2241 petition); *Moore v. Colon*, No. 20-22032-CV, 2020 WL 5868179, at *4 (S.D. Fla. July 27, 2020), *report and recommendation adopted*, No. 20-22032-CIV, 2020 WL 5848687 (S.D. Fla. Sept. 30, 2020) (finding argument that exhaustion would be futile inapplicable to § 2241 cases).

Assuming that Petitioner can argue futility, "exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,'" and "the petitioner 'bears the burden of demonstrating the futility of administrative review.'" *Jaimes v. United States*, 168 F. App'x 356, 359 (11th Cir. 2006) (citing *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir.1994)). Petitioner has not satisfied his burden of demonstrating extraordinary circumstances sufficient to demonstrate the futility of administrative review. Accordingly, Petitioner has failed to exhaust his administrative remedies, and the Petition is due to be denied without prejudice.

### IV.   CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, **ECF No. [1]**, is **DENIED WITHOUT PREJUDICE**.
2. The Clerk of Court is **DIRECTED** to **CLOSE** this case and **DENY** all pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 30, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 25-cv-23399-BLOOM

Copies provided to:

Counsel of Record

Louis Goldenberg, *pro se*
70137-066
Miami FCI
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 779800
Miami, FL 33177