UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-23399-BLOOM

LOUIS GOLDENBERG,

    Petitioner,

v.

WARDEN HEUETT,

    Respondent.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Petitioner Louis Goldenberg's ("Petitioner") *pro se* Reconsideration Motion to Court's Order Denying 28 U.S.C. § 2241 Petition ("Motion"). ECF No. [9]. Pursuant to Federal Rule of Civil Procedure 59(e) — or in the alternative, Federal Rule of Civil Procedure 60(b)(1) — Petitioner seeks reconsideration of this Court's order denying his Petition due to his failure to exhaust administrative remedies. For the following reasons, the Motion is **DENIED**.

"The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *PBT Real Estate, LLC v. Town of Palm Beach*, 988 F.3d 1274, 1287 (11th Cir. 2021) (citation omitted and alteration adopted). "A Rule 59(e) motion cannot be used to relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (citation omitted and alterations adopted).

Federal Rule of Civil Procedure 60(b) provides for relief from final judgments or orders in limited circumstances. *Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 230 (11th Cir. 2020). Rule 60(b)(1) provides that the court may grant relief from an order due to "mistake, inadvertence,

surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "But a Rule 60(b) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Terrell v. Sec'y, Dep't of Veterans Affs*., 98 F.4th 1343, 1357 (11th Cir. 2024) (quotations omitted). Rather, it "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Socialist Workers Party v. Leahy*, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997) (quotation omitted).

On December 30, 2025, this Court denied Petitioner's § 2241 Petition without prejudice, finding that the Petitioner failed to exhaust his administrative remedies. ECF No. [8] at 5 (citing *Davis v. Warden, FCC Coleman-USP I*, 661 F. App'x 561, 562-63 (11th Cir. 2016) ("the district court did not err by dismissing Davis's § 2241 petition without prejudice based on its determination that he failed to exhaust his administrative remedies. . . . However, because the failure to exhaust administrative remedies is no longer a jurisdictional prerequisite to suit, we construe the district court's dismissal as a denial").

In his Motion, Petitioner argues: (1) the Court plainly erred by not addressing Petitioner's statutory construction futility argument, particularly where the Bureau of Prisons reliance on program statement § 5410.01 renders administrative remedies futile; and (2) Petitioner has now fully exhausted administrative remedies during the pendency of this case, such that the Court should reach the merits and dispose of the petition on the pleadings. *See* ECF No. [9] at 3-5.

*First,* Petitioner argues the Court plainly erred by not addressing Petitioner's statutory construction futility argument. *Id*. at 3. The Court did consider Petitioner's argument but found it unpersuasive. *See* ECF No. [8] at 5. As this Court explained:

> Petitioner's futility argument is unpersuasive. In the Eleventh Circuit, "there are grounds for doubt that a futility exception is available on a § 2241 petition[.]"

2

> *Tankersley v. Fisher*, No. 08-CV-382-MCR/EMT, 2008 WL 4371797, at *3 (N.D. Fla. Sept. 22, 2008). The Eleventh Circuit has recognized that there is no futility exception applicable to the exhaustion requirement in a § 2241 proceeding. *McGee v. Warden, FDC Miami*, 487 F. App'x 516, 518 (11th Cir. 2012) (rejecting argument that futility exception applicable to exhaustion prior to bringing a § 2254 petition is applicable to exhaustion requirement for a § 2241 petition); *Moore v. Colon*, No. 20-22032-CV, 2020 WL 5868179, at *4 (S.D. Fla. July 27, 2020), *report and recommendation adopted*, No. 20-22032-CIV, 2020 WL 5848687 (S.D. Fla. Sept. 30, 2020) (finding argument that exhaustion would be futile inapplicable to § 2241 cases).

*Id.* at 5-6. In the Motion, Petitioner has not presented sufficiently compelling legal authority to persuade this Court to reconsider and reverse its prior order. Substantial doubt exists regarding the availability of a futility exception to the administrative exhaustion requirement in the Eleventh Circuit. *See Gonzalez-Velez v. Warden, FCC Coleman - Low*, No. 5:22-CV-509-WFJ-PRL, 2023 WL 3584113, at *2 (M.D. Fla. May 22, 2023) ("[A]n 'exception' to administrative exhaustion based on futility in the § 2241 setting has not been adopted by the Eleventh Circuit." (citation omitted)); *Tankersley v. Fisher*, No. 08-CV-382-MCR/EMT, 2008 WL 4371797, at *3 (N.D. Fla. Sept. 22, 2008) ("[T]here are grounds for doubt that a futility exception is available on a § 2241 petition[.]").

Although Petitioner cites authority from other circuits supporting his proposition, *see Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 239 n.2 (3d Cir. 2005), he has failed to identify binding precedent — from either the Eleventh Circuit or the Supreme Court — that would compel this Court to excuse his failure to exhaust administrative remedies. This is especially true when Respondents assert Petitioner's failure to exhaust administrative remedies as a defense. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) ("The exhaustion requirement *is still a requirement*; it's just not a jurisdictional one. . . . And because exhaustion is non-jurisdictional, even when the defense has been preserved and asserted by the respondent throughout the proceeding, a court may skip over the exhaustion issue if it is easier to deny (*not*

*grant, of course, but deny*) the petition on the merits without reaching the exhaustion question." (emphasis added)). Accordingly, because the exhaustion defense was asserted by the Respondent, *see* ECF No. [6] at 3-6, this Court may not skip over the exhaustion issue to grant the Petition on the merits. As Petitioner conceded that he failed to exhaust his administrative remedies prior to bringing suit, ECF No. [1-1] at 4, his Petition was properly "denied without prejudice for failure to exhaust administrative remedies." ECF No. [8] at 5.

*Second*, Petitioner argues that he has now fully exhausted administrative remedies during the pendency of this case, such that the Court should reach the merits and dispose of the petition on the pleadings. *See* ECF No. [9] at 5. However, Petitioner was required to exhaust administrative remedies *prior to* filing his habeas petition in district court. *See Krist v. Eichenlaub*, 386 F. App'x 920, 923 (11th Cir. 2010) ("Only after a prisoner exhausts these administrative remedies may he file for habeas relief in district court." (citing *United States v. Herrera*, 931 F.2d 761, 764 (11th Cir. 1991))). Exhaustion *after* filing a petition is not proper exhaustion. *See Martin v. Zenk*, 244 F. App'x 974, 978 (11th Cir. 2007) (affirming dismissal of § 2241 petition for failure to exhaust administrative remedies where petitioner commenced, but did not complete, administrative remedy process before filing petition); *Krist*, 386 F. App'x at 923 (same). Therefore, the Petition was properly dismissed for Petitioner's failure to exhaust his administrative remedies prior to filing his Petition.

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Reconsideration Motion to Court's Order Denying 28 U.S.C. § 2241 Petition, **ECF No. [9]**, is **DENIED**.

Case No. 25-cv-23399-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 12, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Louis Goldenberg, *Pro Se*
70137-066
Miami FCI
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 779800
Miami, FL 33177

Noticing 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov